[No. D036935. Fourth Dist., Div. One. Mar. 27, 2002.]

In re RODNEY BROWN on Habeas Corpus.

## Counsel

Rodney Brown, in pro. per.; and Gregory Marshall, under appointment by the Court of Appeal, for Petitioner Rodney Brown.

Bill Lockyer, Attorney General, and Beneth A. Browne, Deputy Attorney General, for Respondent the People.

## Opinion

**BENKE, Acting P. J.**—In 1986, petitioner Rodney Brown was sentenced to a prison term of 15 years to life following a guilty plea to one count of second degree murder. In September 1999 the Board of Prison Terms (Board) determined petitioner was not suitable for parole. The Board also determined it was not reasonable to expect petitioner would be suitable for parole release in the next five years. Petitioner seeks a writ of habeas corpus setting aside the Board's decision. In doing so, he does not contest the sufficiency of the evidence to support the Board's denial of parole. Rather, he argues Penal Code section 3041.5, subdivision (b)(2)(B),[1] which allows

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

the deferral of parole consideration hearings for five years upon a murder conviction, does not apply to him.

I

*The History of Section 3041.5*

Prior to 1990, section 3041.5, subdivision (b)(2), provided that where, following a parole hearing, a prisoner had been denied a parole date, the Board was required to send the prisoner a written statement setting forth the reasons for denial and suggesting activities which might benefit him while in prison. Thereafter, the Board was required to hear that prisoner's case annually, except that the Board was permitted to schedule the next hearing "no later than (A) two years after any hearing at which parole is denied if the board finds that it is not reasonable to expect that parole would be granted at a hearing during the following year and states the bases for the finding or, (B) three years after any hearing at which parole is denied if the prisoner has been convicted, in the same or different proceedings, of more than one offense which involves the taking of a life, and the board finds that it is not reasonable to expect that parole would be granted at a hearing during the following years and states the bases for the finding." (Stats. 1986, ch. 248, § 166, pp. 1267-1268.)

In 1990 the Legislature amended section 3041.5. The Legislature left intact the annual parole review procedure in subdivision (b)(2) and its two-year exception in subdivision (b)(2)(A). It also left intact the three-year exception of subdivision (b)(2)(B) for prisoners who had been convicted of more than one criminal homicide. It added subdivision (b)(2)(C), which provided that the Board could defer a parole hearing for up to five years if the prisoner had "been convicted, in the same or different proceedings, of more than two murders." (Stats. 1990, ch. 1053, § 1, pp. 4380-4381.) As part of the same session, the Legislature created a window period, which provided: "The amendments to Section 3041.5 of the Penal Code made by this act shall be applicable only to offenses committed before July 1, 1977, or on or after January 1, 1991." (Stats. 1990, ch. 1053, § 2, p. 4381.) The window period made in 1990 was not codified.

In 1994 the Legislature again amended section 3041.5. By these amendments, the annual parole review procedure set in subdivision (b)(2) was left untouched, as was its two-year exception in subdivision (b)(2)(A). Subdivision (b)(2)(B) and (C) were deleted. A newly written subdivision (b)(2)(B) was added and now provides for parole hearing periods of up to five years "if the prisoner has been convicted of murder."

## II

### *Applicability of the Uncodified 1990 Law to Petitioner*

█ Petitioner contends the 1994 amendment to section 3041.5, which creates a five-year parole hearing exception for any single conviction of murder, does not apply to him. He reasons that because his conviction for murder occurred in 1986, section 2 of the uncodified law provides a window period by which his parole hearing dates cannot be set at five years. We do not agree.

The history of section 3041.5 reveals petitioner was never within a class of prisoners affected by the 1990 uncodified amendments. Prior to the amendments made in 1990, section 3041.5 required annual parole hearings. The two exceptions were a two-year review period if the Board determined parole would not reasonably be set the following year, and a three-year review period for more than one offense involving criminal homicide. Because petitioner's conviction was for one murder, under pre-1991 law he was entitled to annual reviews, at most extended by one additional year.

In 1990 the Legislature amended section 3041.5 by adding subdivision (b)(2)(C), which permitted a five-year extension for parole hearings where the prisoner had been convicted of more than one murder. Again, this new five-year extension could not apply to petitioner because he had been convicted of only one murder.

In 1994 the Legislature again amended section 3041.5. Again it left intact the one-year review period extendable by one additional year. It eliminated the three-year extension for multiple criminal homicides and the five-year extension for multiple murders, which had been created by the 1990 amendments. It added a five-year extension for any single murder conviction.

The history of section 3041.5 reveals there is no argument by which petitioner can bring himself within the protection of the window period since the only prisoners ever entitled to that protection were those in the category of multiple murder convictions, a category eliminated by the 1994 amendments to section 3041.5.

## III

### *Application of the 1994 Amendment to Petitioner*

The question remains whether petitioner's parole review hearings may be set for periods up to five years pursuant to the current version of section

3041.5, subdivision (b)(2)(B), or whether the pre-1994 law, which set his parole hearings at a maximum of two years, controls.

By its clear language, the Legislature has declared the current five-year period controls in all cases involving any murder conviction. (See *In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744].) The window period created by Statutes 1990, chapter 1053, section 2, page 4381, applied to only the 1990 amendment and not to the 1994 amendment to section 3041.5. Moreover, there is no bar to its application to petitioner. The amendments resulting in the current version of section 3041.5 effect no change in petitioner's crime. Nor do they increase sentences statutorily assigned to the crime of murder. Only the *administrative method* by which a parole release date is set has been altered and as such, the five-year parole hearing period is proper. (*Cal. Dept. of Corrections v. Morales* (1995) 514 U.S. 499 [115 S.Ct. 1597, 131 L.Ed.2d 588]; *In re Jackson* (1985) 39 Cal.3d 464 [216 Cal.Rptr. 760, 703 P.2d 100].)

The petition is denied.

Nares, J., and McDonald, J., concurred.